COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


DONALD JEFFREY JOSEPH

v.        Record No. 0607-95-3

COMMONWEALTH OF VIRGINIA              MEMORANDUM OPINION[*]
                                     BY JUDGE JOSEPH E. BAKER
JEFFREY WAYNE HODGES                    DECEMBER 10, 1996

v.        Record No. 0608-95-3

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                Kenneth E. Trabue, Judge Designate

            Jonathan S. Kurtin (Lutkins, Shapiro &
            Kurtin, on brief), for appellants.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Donald Jeffrey Joseph and Jeffrey Wayne Hodges (appellants)
were arrested and convicted in bench trials for driving while
intoxicated in violation of Code § 18.2-266.  The dispositive
issue in each case is whether the trial court erred by admitting
into evidence a certificate of breath alcohol analysis that
purportedly does not contain the date and time each breath sample
was taken.  Appellants contend that Code § 18.2-268 requires
that, in order to be admissible without the testimony from the
person authenticating the test, the certificate must state the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

date and time the breath sample was taken from appellants. Joseph's appeal presents the additional issue of whether the trial court erroneously convicted him of feloniously operating a motor vehicle after having been adjudicated an habitual offender. Joseph contends that without the certificate as evidence, he was wrongfully convicted of the felony.

## I. The Certificate

Code § 18.2-266 prohibits any person from driving a motor vehicle in the Commonwealth "while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article." Code § 18.2-267 directs that any person suspected of driving in violation of Code § 18.2-266 is entitled to have his breath analyzed by any of several persons designated therein to determine the probable alcohol content of his blood, and that any person charged with violation of Code § 18.2-266 or § 18.2-266.1 or any similar local ordinance "shall then be subject to the provisions of §§ 18.2-268.1 through 18.2-268.12, or of a similar [local] ordinance."

Any person who operates a motor vehicle upon a highway of this Commonwealth shall be deemed to have consented to have his breath tested. Code § 18.2-268.2. Code § 18.2-268.9 provides that to be considered valid as evidence in a prosecution for driving under the influence, a chemical analysis of a person's

- 2 -

breath shall be performed only by the individuals described in that section and by methods approved by the Department of Criminal Justice Services, Division of Forensic Sciences.   In relevant part, Code § 18.2-268.9 further provides:

> Any individual conducting a breath test under the provisions of § 18.2-268.2 shall issue a certificate which will indicate that the test was conducted in accordance with the Division's specifications, the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate, the name of the accused, that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test, the date and time the sample was taken from the accused, the sample's alcohol content, and the name of the person who examined the sample. This certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding as evidence of the facts therein stated and of the results of such analysis. Any such certificate of analysis purporting to be signed by a person authorized by the Division shall be admissible in evidence without proof of seal or signature of the person whose name is signed to it. A copy of the certificate shall be promptly delivered to the accused.
>   The officer making the arrest, or anyone with him at the time of the arrest, or anyone participating in the arrest of the accused, if otherwise qualified to conduct such test as provided by this section, may make the breath test or analyze the results.

Code § 18.2-268.11 specifically directs that the steps set forth in Code §§ 18.2-268.2 through 18.2-268.9 are procedural, not substantive, and further provides:

> Failure to comply with any steps or portions thereof, or a variance in the results of the two blood tests shall not of

- 3 -

itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

The determinative issue in appellants' cases is whether Code § 18.2-268.11 applies to the provisions of Code § 18.2-268.9. We hold that it does.

Appellants' sole claim is that the certificates of analysis are inadmissible as a matter of law because they did not show the dates and times the samples were taken. In all other respects, they concede that the certificates complied with the code provisions. The record discloses that a warrant of arrest for violation of Code § 18.2-266 was issued against Joseph on July 31, 1994 at 1:45 a.m. The certificate shows that the test was "performed on July 31, 1994 at 2:33 a.m." The warrant was served on Joseph at 2:36 a.m. The record also discloses that a warrant of arrest for violation of Code § 18.2-266 was issued against Hodges on October 1, 1994 at 3:49 a.m. The certificate shows that the test was performed on October 1, 1994 at 4:14 a.m. The warrant was served on Hodges at 4:20 a.m. At trial, appellants submitted the Commonwealth's Division of Forensic Sciences' Breath Alcohol Operator Training Manual for the trial court's consideration. That document requires that the breath test procedure be substantially contemporaneous with the time the sample was taken. The record confirms compliance with that

requirement.

In each case, notations on the warrants showing when the breath tests were "performed" were sufficient to prove when the samples were taken. Accordingly, we hold that in each case the record establishes substantial compliance with the Code provisions and the trial court did not err when it admitted the respective certificates into evidence.

## II. Habitual Offender

An habitual offender who drives a motor vehicle while the revocation of the person's driving privilege remains in effect and the person's driving, of itself, endangers the life, limb, or property of another, shall be guilty of a felony. Code § 46.2-357. Joseph contends that the evidence was insufficient to prove that his driving endangered the life, limb, or property of another and, thus, he did not commit a felony offense. We disagree.

Viewed in the light most favorable to the Commonwealth and granting it all reasonable inferences deducible therefrom, Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), the evidence reveals that on July 31, 1994, Officer Reynolds (Reynolds) of the Roanoke County Police Department saw Joseph drive his blue pick-up truck and attempt to enter the flow of traffic from a parking lot. Joseph pulled out in front of an oncoming car and accelerated rapidly. Joseph's actions forced the driver of the oncoming car to slam on its brakes and skid off

to the right. Joseph then rapidly accelerated his truck and ran it onto the right shoulder of the road. Although the shoulder was not marked by a dividing line, the truck went three-quarters of its width off of the travel lane. Reynolds activated his emergency lights, but Joseph ignored them and proceeded forward. Reynolds activated his siren. Joseph waved to Reynolds and continued on, stopping his truck in a left-center turn lane about one-half mile from where the pursuit began. Throughout the pursuit, Reynolds watched the vehicle weaving within its lane. The breathalyzer test showed Joseph's blood alcohol content to be 0.10.

In Travis v. Commonwealth, 20 Va. App. 410, 457 S.E.2d 420 (1995), we held that evidence of the defendant weaving in his own lane and into another was sufficient to find the endangerment necessary to support a felony violation of Code § 46.2-357. Id. at 417, 457 S.E.2d at 423. Here, Joseph cut off another vehicle, causing its driver to slam on the brakes and resulting in the car going into a skid. Additionally, Joseph drove his truck off the shoulder of the road and was weaving within his lane. This evidence supports the trial court's finding of endangerment.

For the foregoing reasons, the judgments of the trial court are affirmed.

Affirmed.

- 6 -